**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                              **Case No. 3:21-CR-61**
                                        **Judge Thomas M. Rose**

**WILLIAM HITCHINGS, V**

        **Defendants.**

## PRETRIAL ORDER

The defendant having this date entered a plea(s) of not guilty to the Indictment filed in this case; the Court hereby establishes the following schedule that will govern the course of this case from arraignment to trial.

### I.  TRIAL DATE

This case is set for trial on **August 23, 2021** at **9:00 A.M.**  The Final Pretrial Conference will be held on **August 17, 2021 at 2:30 P.M.** in Room 910.  (Jury Questionnaires are available the Wednesday before the scheduled trial date at the Clerk's Office.  Please contact the Jury Deputy, James Tosto at (937) 512-1414.

### II.  DISCOVERY AND INSPECTION

The attorney for the defendant is directed to contact the Assistant United States Attorney in charge of the prosecution of this case to arrange a meeting for the purpose of resolving all

1

requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16.  The government shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16 by **July 16, 2021**.

The discovery meeting shall be held as promptly as possible. If at any time during the course of these proceedings any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed one (1) week from the date of a party's denial of the initial request.

### III. <u>MOTIONS</u>

All motions of any kind, by the defendant or by the government, shall be filed on or before **July 30, 2021**.  All responses in opposition shall be filed no later than seven (7) business days after the filing of said motions.  Upon the filing of any motion, the movant shall state therein whether and for what reasons an evidentiary hearing is required.  If the Court agrees, an evidentiary hearing will be scheduled.

### IV. <u>PLEA NEGOTIATIONS AND PLEA AGREEMENT</u>

Plea agreement discussions between the Assistant United States Attorney and counsel for the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure shall be commenced as soon as practicable.  If a plea agreement is reached, counsel shall notify the Court and submit said plea agreement.  A change of plea hearing shall be scheduled soon thereafter.

### V. <u>MOTIONS FOR CONTINUANCE</u>

Any motion for a change of the trial date shall be in writing and shall be made at least **seven (7) days** prior to the scheduled trial date.  Any such motions by the defendant shall be

executed by the defendant.  Motions for continuances shall set forth those factors listed in Title 18, U.S.C. § 3161(h)(7)(B) that the movant contends support the motion.

## VI. <u>EXHIBITS</u>

### A.    Exhibit Lists

Unless otherwise ordered, both sides shall submit to the Court's chambers three (3) typed copies of a list of the proposed exhibits no later than six (6) business days before the date of trial. This list shall include the proposed exhibit number and a substantial description of the exhibit. Both sides shall number their exhibits with Arabic numbers, preceded by the letter prefix "G" for prosecution or "D" for defense.  Finally, exhibit lists shall be three-hole punched.  Exhibit lists are not pleadings that should be filed with the Clerk of Courts.

### B.    Trial Exhibits

Each party intending to offer exhibits will mark the exhibits prior to the commencement of the trial.  Three (3) business days prior to the commencement of trial, counsel shall provide the original and two copies of exhibits to the Court and one copy to opposing counsel.  The original set of exhibits and the two copies of exhibits to the Court should be three-hole-punched and placed in notebooks, along with a copy of the exhibit lists previously submitted to the Court.[1]

At trial, counsel may not approach a witness to tender an exhibit.  Rather, the Courtroom Deputy will place each exhibit before each witness.  In formulating a question to a witness, counsel shall specify the exhibit number or designation involved, to ensure a clear record.

Exhibits introduced for the first-time during trial, *i.e.*, exhibits used for impeachment,

---

[1] Counsel, by motion, may request a different method of handling exhibits.

must be displayed to opposing counsel and the Court for review and then tendered to the Courtroom Deputy for marking. Counsel shall be prepared to provide copies of such exhibits to opposing counsel, the Court, and the Court's law clerk at the time they are presented to a witness.

Each counsel is responsible for any exhibits expected to be used during trial. At the end of each trial session, counsel shall return all original exhibits to the Courtroom Deputy.

## VII. **STIPULATIONS**

Three (3) copies of any and all stipulations shall be submitted to the Court six (6) business days before the scheduled trial date.

## VIII. **STATEMENT OF THE CASE**

An Agreed Joint Statement of the Case shall be submitted to Court by **August 18, 2021.** The Statement of the Case shall be read to potential jurors by the Court prior to Voir Dire.

## IX. **VOIR DIRE EXAMINATION**

In the courtroom, prospective jurors will be seated in numerical order. The whole panel of prospective jurors -- persons seated in the jury box and person seated in the courtroom benches -- will be examined in one continuous examination.

Each prospective juror will be assigned a "juror number" by the Clerk's office. Counsel will receive a listing of the jurors' names and numbers prior to jury selection. When interrogating a juror, counsel should refer to the juror by *number only*.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case. Counsel may submit questions related to specific subject areas about which they would like to ask during voir dire examination. Any such questions concerning specific subject areas

4

must be submitted to the Court *before the final pretrial conference.*  A copy of such questions must be served on opposing counsel as well.

During voir dire, counsel shall address their questions to the whole panel.  Counsel may not question an individual juror, unless the answer of a specific juror justifies further inquiry.  Again, jurors shall be addressed only by the number assigned to them by the Clerk's office.

Counsel will not be permitted to question jurors individually regarding background information.  This information is contained in juror questionnaire forms, which are on file in the Clerk's office.  Counsel should examine these questionnaires prior to the commencement of trial.  Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

## X.  CHALLENGES

At the conclusion of the questioning, the Court shall be recessed, at which time counsel shall retire to chambers to begin the juror challenge process.  The entire panel, not just prospective jurors seated in the jury box, shall be accepted, challenged for cause, and peremptorily challenged in a continuous sequence with reseating prospective jurors.  Counsel shall not be permitted to return to the courtroom to refresh one's memories of particular jurors.

## XI. PEREMPTORY CHALLENGES

Peremptory challenges will be exercised as follows:

(A)    United States exercises its first challenge

(B)    Defendant exercises his first and second challenges

(C)    United States exercises its second challenge

(D)    Defendant exercises his third and fourth challenges

5

(E)     United States exercises its third challenge

(F)     Defendant exercises his fifth and sixth challenges

(G)     United States exercises its fourth challenge

(H)     Defendant exercises its seventh and eighth challenges

(I)      United States exercises its fifth challenge

(J)      Defendant exercises his ninth challenge

(K)     United States exercises its sixth challenge

(L)     Defendant exercises his tenth challenge

If either party "passes," (*i.e.* forgoes to exercise a challenge in the order prescribed), that party has thereby "used" the challenge. If all parties "pass" in consecutive order, jury selection will be completed.

After the regular twelve (12) jurors have been fully qualified, and counsel state that they are satisfied with the jury, the peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

## XII. JURY INSTRUCTIONS

Counsel should draft proposed, substantive jury instructions, which state the governing rules of law with appropriate case citations. An original of the proposed instructions shall be filed with the Clerk's office at least six (6) business days before the scheduled trial date. Counsel shall serve copies of these proposed instructions upon opposing counsel and the Court's chambers formatted in Word.

6

## XIII. <u>CONCLUSION</u>

Unless a motion to continue has been filed or some other action or motion under 18 U.S.C. § 3161(h) (1) thru (8) has occurred, that would exclude the computing of time within which trial must commence, the parties are required to fully comply with the requirements and deadlines contained in this order.

**Date:**  <u>June 29, 2021</u>                         *s/Thomas M. Rose*

                                                      _____
                                                      **Thomas M. Rose**
                                                      **United States District Judge**

7