IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:21-cr-061 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| WILLIAM SIDNEY HITCHINGS V, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On July 27, 2021, a grand jury in the Southern District of Ohio returned a five-count Superseding Indictment against William Sidney Hitchings V (hereinafter the "Defendant") charging him in Count 3 with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), among other offenses.

A forfeiture allegation in the Superseding Indictment provided notice to the Defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2253(a), of property that contains an unlawful visual depiction and property that the Defendant used or intended to use to commit the offenses charged in the Superseding Indictment, including but not limited to the following (hereinafter the "subject property"):

1) Thinkpad Laptop Base S/N: PC-08FCJQ with Micro SD San Disk Ultra 64GB S/N: 2414DGZ470MS;

2) Motorola motoZ3, IMEI: 3555 5009 5208 307 64 GB Internal, 197 GB Portable;

3) ONN thumb drive ONA19DS004;

4) One Toshiba Disk Drive SN: Y4FMT8HLT OOA HDKGB13TSA01T with metal hardware;

5) iOmega Network Storage Device S/N: CED2490791;

6) Google Home Device Model H1A with Power Cord;

7) WD SATA Drive, Model: WD5000AAKX-60U6AA0, S/N: WCC2EAHA3386, Capacity: 500GB;

8) WD SATA Drive, Model: WD10EURX-73FH1Y0 S/N: WCC1U0988844 Capacity: 1.0 TB;

9) WD SATA Drive, Model: WD10EURS-630AB1 S/N: WCAV5V692091;

10) WD SATA Drive, WD10EFRX-68PJCN0 S/N: WCC4J1133404 Capacity: 1 TB;

11) Four (4) Thumb drives: one Lexar 32GB thumb drive; one Lexar 32 GB thumb drive; one red in color thumb drive; one SanDisk Ultra 32 GB thumb drive;

12) Seagate Backup Plus 1TB hard drive S/N: NA9M29DL with blue cord;

13) LG-V521 Gold in color with nano SIM and micro SD card inside;

14) WD Purple WD40PURX hard drive 4 TB S/N: WCC4E1LH1KSC;

15) 32 GB micro SD card Gigastone;

16) Thirteen (13) SD cards and three (3) San Disc Adapters;

17) Fourteen (14) USB drives;

18) Black and Blue Datto Atto 3 S/N: G181000005131;

19) Black Lenovo laptop IMEI: 351826060094854 Serial PF-02XP8C14-07 with cord;

20) HP Pavilion 21 Touchsmart All-in-One PC, Model 21- h116 S/N: 5CM42201RG and power cord;

21) 500 GB Western Digital HOD Encryped Model: WD5000AAKX S/N: WCC2EPF07816;

22) Lenovo Think Pad, Model T480 S/N: PF-1KAAGT, containing a Micro SanDisk SD card, S/N: 6041DLETV14A;

2

23) Orico External Hard Drive Enclosure Model: NS800C3; containing seven HDD; connected to Lenovo Laptop;

24) Zotac Mini PC Model ZBOX-CA320NANO-P S/N: G143300002045;

25) Synology Disk Station Model D5111 S/N: B7H3N01107;

26) Synology Disk Station Model D5111 S/N: B1H3N00531;

27) HP Computer S/N: 2UA5350BD6;

28) Buffalo Terastation PN Model TS-R12.0TGL/R5 S/N: 95823691100022;

29) Hikvision DS-7608NI-E2/8P S/N: 560193751;

30) IBM System Storage (Model: XSC20083D) SN/1D: A1077RO;

31) HP PROLIANT DL360 G7, S/N: MXQ03201YT;

32) HPAJ941A server S/N: CN8037P044;

33) HPAJ941A server S/N: 7CE345P00T;

34) HPAJ941A server S/N: 7CE538P1XL;

35) HPAJ941A server S/N: CN8120P11S; and

36) HP Blue Iris server S/N: USE211Y62A.

On July 11, 2022, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 3 of the Superseding Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 18 U.S.C § 2253(a), as property that contains an unlawful visual depiction and/or property that the Defendant used or intended to use to commit the offense.   The Defendant entered a plea of guilty to Count 3 of the Superseding Indictment on July 11, 2022.

The subject property is forfeitable, pursuant to 18 U.S.C. § 2253(a)(1) and (3), as property that contains an unlawful visual depiction and/or property that the Defendant used or intended to use to commit the offense set forth in Count 3 of the Superseding Indictment.   The Defendant had

3

an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property

must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**IT IS SO ORDERED.**

Dated: August 10, 2022

*s/Thomas M. Rose*

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE